IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAMONA SHARPE,<br>    Defendant. | CRIMINAL ACTION NO. 98-84 |

M E M O R A N D U M  &  O R D E R

**Katz, S.J.**                                                                                         **February 1, 2008**

Now before this court is a Petition for Revocation prepared by the Probation Office on August 27, 2007. Upon consideration of the submissions of the Government attorney and the Probation Office, and after a hearing, this court makes the following findings of fact and conclusions of law.

**I.      Findings of Fact**

1.    Defendant Ramona Sharpe waived indictment and pled guilty to three counts of bank robbery and one count of attempted bank robbery on April 17, 1998.

2.    The current offense is Defendant's first conviction.

3.    On November 4, 1999, this court sentenced Defendant to sixty-three (63) months imprisonment, to be followed by three years of supervised release. As part of her sentence, this court imposed the following special conditions:

   a.   Defendant shall report to the probation officer as directed by this court or probation; and

   b.   Defendant shall pay restitution in the amount of $30,157.70.

4. On September 10, 2004, Defendant commenced her three-year term of supervised release.

5. On November 18, 2004, this court ordered Defendant to pay her criminal monetary penalties in monthly installments of no less than $25.00. Pursuant to this Order, Defendant was required to remit monthly payments of $50.00.

6. Defendant's last appearance at a scheduled probation office appointment was July 31, 2007.

7. Defendant failed to report for her May 1, 2007 scheduled appointment at the Probation Office, despite being notified of that scheduled visit in person on April 3, 2007.

8. Defendant was notified via telephone on June 26, 2007 of her June 28, 2007 office visit. However, she still failed to report.

9. Defendant was notified of her July 27, 2007 and her August 14, 2007 office visits in person on July 12, 2007 and July 31, 2007, respectively. However, Defendant failed to report for either visit.

10. Finally, Defendant was notified on August 16, 2007 via telephone of her scheduled August 21, 2007 office visit.  However, Defendant again failed to report.

11. Defendant failed to remit her required monthly payments for June 2006, November 2006, December 2006, May 2007 and June 2007.

12. Although Defendant did eventually make these payments, the same was not made in compliance with the schedule set by this court's November 18, 2004 Order.

13. On July 12, 2007, Defendant agreed to remit $300.00 of her income tax return towards her criminal monetary penalties.

14. Defendant only made this payment after the violation of supervised release petition was filed with this court.

15. Throughout the term of her supervision, Defendant has been inconsistent with regards to her payments.  However, she has always tried to remit previously missed payments.

16. Defendant has not committed any crimes during her term of supervision.

17. Defendant has only become combative and uncooperative as the end of her term of supervised release approached.

18. Defendant is a single mother of two children.

**II. Conclusions of Law**

1. Supervised release is governed by the provisions of 18 U.S.C. § 3583. In determining the modification of supervised release, the court is to consider the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e).

2. In the wake of *United States v. Booker*, 543 U.S. 220 (2005), the Third Circuit has instructed district courts to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*, but they are also required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless of whether it varies from the sentence calculated under the Guidelines. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations and quotations omitted).

3. The factors this court must take into account include:

    a. the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

    b. the need to afford adequate deterrence, to protect the public, and to provide the defendant with needed education or vocational training, medical care, and other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

    c.    the applicable Guidelines sentence, § 3553(a)(4)(B);

    d.    the pertinent policy statements of the Sentencing Commission, § 3553(a)(5);

    e.    the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and

    f.    the need to provide restitution to victims, § 3553(a)(7).

4.    If this court finds by a preponderance of evidence that Defendant has committed the violations alleged, the court may alter the terms of supervised release. After considering the foregoing factors, this court may release and discharge Defendant, revoke supervised release, or order electronic monitoring. *See* 18 U.S.C. § 3583(e)(1)-(4).

5.    Although the Sentencing Guidelines' treatment of revocation of supervised release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the court must consider in addressing modification of supervised release. *See United States v. Schwegel*, 126 F.3d 551 (3d Cir. 1997) (holding that supervised release provisions remained advisory after amendments to 18 U.S.C. § 3583).

6.    As a result of Defendant's failure to report to the Probation Office for her scheduled office visits on May 1, 2007; June 28, 2007; July 27, 2007;

August 14, 2007; and August 21, 2007; this court FINDS that Defendant has committed a Grade C violation of the terms and conditions of her supervised release. *See* U.S.S.G. § 7B1.1(a)(3).

7. As a result of Defendant's failure to remit payments in compliance with the schedule set by this court's November 18, 2004 Order, this court FINDS by a preponderance of the evidence that Defendant has committed a Grade C violation of the terms and conditions of her supervised release. *Id.*

8. Where there is more than one violation of the conditions of supervision, the grade of the violation is determined by the violation having the most serious grade. U.S.S.G. § 7B1.1(b). Thus, Defendant has committed a Grade C violation of the terms and conditions of her supervised release.

9. Should the court choose to revoke Defendant's supervised release rather than modify its terms, the recommended range for a Grade C violation is three to nine months of imprisonment, as Defendant's criminal history category is I. *See id.* §§ 7B1.1(b), 7B1.4(a). The statutory maximum term of imprisonment upon revocation is two years, as Defendant's original offenses were all Class C felonies. *See* 18 U.S.C. §§ 3559(a)(3), 3583(e)(3).

10. In considering the factors under 18 U.S.C. § 3553(a), this court first notes the nonviolent nature of Defendant's participation in the bank robberies.[1] *See* 18 U.S.C. § 3553(a)(1). This court also recognizes that Defendant had a difficult childhood,[2] and is now the single parent of two. *See* 18 U.S.C. § 3553(a)(1). Moreover, the need to afford adequate deterrence and to protect the public in this case seems slight, given Defendant's lack of a criminal history and current good behavior. *See* 18 U.S.C. §§ 3553(a)(2)(B), (C). Furthermore, this court does not believe that imposing a term of imprisonment below the guideline range in this case would result in unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). Finally, this court recognizes that Defendant will be best able to remit her required restitution if she is not imprisoned, and thus able to maintain her employment and a steady flow of income. *See* 18 U.S.C. § 3553(a)(7).

---

[1] Defendant helped plan the bank robberies, explaining to her co-conspirators how to rob the banks, what to write in the demand notes to ensure the maximum return, and other pertinent bank procedures. Defendant also reviewed each of the demand notes before they were used, and then split the stolen money. However, Defendant did not physically participate in any of the robberies.

[2] Defendant was raised by her mother, as her father was incarcerated during most of her childhood, contributing little during her formative and adolescent years. Moreover, during her childhood, Defendant witnessed and was the victim of physical abuse by her stepfather.

11. The applicable Guideline sentence and the policy statement of the Sentencing Commission expressed therein weigh in favor of imposing a term of imprisonment within the guideline range. *See* 18 U.S.C. §§ 3553(a)(4)(B), (5).

12. Upon consideration of the factors listed in 18 U.S.C. § 3553(a), this court will revoke Defendant's supervised release. However, this court FINDS that the factors favoring a sentence below the applicable guideline range outweigh those that do not. Thus, this court FINDS that a consideration of the applicable factors in 18 U.S.C. § 3553(a) leads this court to impose a sentence below the applicable guideline range. Hence, this court will impose a sentence of one day imprisonment.

13. The court will also impose a term of supervised release following the conclusion of this sentence. The length of such a term may not exceed the term of supervised release authorized by statute for Defendant's original offense, less any term of imprisonment imposed upon revocation of supervised release. 18 U.S.C. § 3583(h). According to 18 U.S.C. § 3583(b)(2), the term of supervised release authorized by statute for Defendant's original offenses is three years. Thus, this court will impose a

term of two years of supervised release following the conclusion of

Defendant's one day of imprisonment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAMONA SHARPE,<br>    Defendant. | CRIMINAL ACTION NO. 98-84 |

O R D E R

**AND NOW**, this 1st day of February, 2008, upon consideration of the Petition for Revocation of Supervised Release, the Government's Proposed Findings of Fact and Conclusions of Law, and after a hearing, it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. Defendant's supervised release is **REVOKED**;

2. Defendant shall report no later than 11:00 a.m. today to the institution designated by the Bureau of Prisons;

3. Defendant is committed to the custody of the Bureau of Prisons for a term of one day; and

4. There shall be a term of supervised release of two years after defendant's release from imprisonment.

BY THE COURT:

/s/ Marvin Katz

_____
**MARVIN KATZ, S.J.**